```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MHRP REALTY, L.L.C., as successor
in interest to 8 Equities Inc.,

                         Petitioner,

        -against-                                MEMORANDUM & ORDER
                                                 13-CV-4606(JS)(ARL)
1990's CATERER'S LTD.,

                         Respondent,

"ABC CORP." and "JOE ENTERPRISE,"
the names set in quotes being
fictitious persons or entities with
given and/or surnames unknown to
Petition in possession of the
Premises described herein,

            Respondents-Undertenants.
----------------------------------------X
APPEARANCES
For Petitioner:      Robert Carruba, Esq.
                     Berkman, Henoch, Peterson & Peddy, P.C.
                     100 Garden City Plaza
                     Garden City, NY 11530

For Respondents:     Genevieve Lane Lopresti, Esq.
                     3 Lake Shore Boulevard
                     Massapequa, NY 11758
```

SEYBERT, District Judge:

Petitioner MHRP Realty, LLC ("Petitioner"), the fee owner and landlord of premises located at 2005 Route 112, Medford, New York, commenced this landlord-tenant action in the New York State District Court in Suffolk County on or around December 5, 2012, seeking a warrant of eviction to remove a holdover tenant, Respondent 1990's Caterer's Ltd. ("Respondent"), from the subject-

premises. Thereafter, on January 17, 2013, the state court issued a warrant of eviction and a judgment in the amount of $15,800.66 against Respondent and in favor of Petitioner. On or around February 15, 2013, Respondent moved to vacate the judgment and warrant of eviction on the grounds of fraud. This motion was ultimately denied by the state court.

Respondent then removed the landlord-tenant action to federal court on August 15, 2013, purportedly on the basis of federal question jurisdiction. The Court has reviewed Respondent's Removal Petition and the documents attached thereto, and, for the following reasons, sua sponte REMANDS this action for lack of subject matter jurisdiction.

## DISCUSSION

"Under 28 U.S.C. § 1441, a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 271 (2d Cir. 1994); see also Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005). Under 28 U.S.C. § 1447(c), a district court must remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." See also Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003). The burden is on the removing party to establish federal jurisdiction, and any

2

doubts about jurisdiction must be resolved against removability. See People v. Atl. Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.), 488 F.3d 112, 124 (2d Cir. 2007).

"In determining whether a [removal] petition establishes the existence of a federal question, removal based on federal jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)); see also Morrison v. Seafarers Int'l Union of N. Am., AFL-CIO, 954 F. Supp. 55, 57 (E.D.N.Y. 1996) ("[T]he Court must limit its search for a federal question to a plaintiff's claims as stated in his or her complaint and may not look to anticipated defenses which a defendant might impose in order to find a federal question 'hook.'"). "Allegations made for the first time in a removal petition thus cannot support the removal of a case on federal grounds." Four Keys Leasing & Maint., 849 F.2d at 773.

Here, Respondent argues that this Court has federal question jurisdiction because eviction would result in a deprivation of Respondent's property interest in the subject premises without due process of law. Not only does this not give rise to federal question jurisdiction for the purposes of removal, as Respondent's due process rights were obviously not raised in

Petitioner's pleading in the state court, but such a claim, even if brought as an independent action, is likely barred by the Rooker-Feldman doctrine, see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (finding that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Thus, the Court finds that it lacks subject matter jurisdiction over this landlord-tenant action.

## CONCLUSION

For the foregoing reasons, the Court sua sponte REMANDS this action to New York State District Court, Suffolk County. The Clerk of the Court is directed to remand this action and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: August 26, 2013
Central Islip, NY